**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PROMODEL CORP.** | : | |
| | : | |
| v. | : | **CIV. NO. 07-3735** |
| | : | |
| **PIERCE STORY** | : | |

---

**Diamond, J.**                                                                                          **November 19, 2007**

<u>MEMORANDUM</u>

Plaintiff ProModel Corporation, seeking damages and injunctive relief, alleges that its former employee, Defendant Pierce Story, has violated a restrictive covenant, made unlawful use of proprietary information, and committed related wrongful acts. Mr. Story has moved to dismiss for lack of jurisdiction, to dismiss the case for improper venue, or, in the alternative, to transfer venue. For the reasons that follow, I grant the Motion to Transfer Venue. Accordingly, I need not address the issue of personal jurisdiction. <u>See</u> <u>Goldlawr, Inc. v. Heiman</u>, 369 U.S. 463, 466 (1962) (district court may transfer venue even if the transferor court lacks personal jurisdiction over defendant).

**I.        STANDARDS**

The defendant bears the burden of demonstrating that venue is improper. <u>Myers v. Am. Dental Ass'n</u>, 695 F.2d 716, 724 (3d Cir. 1982). In considering a motion to dismiss for improper venue, I must generally accept as true the allegations in the complaint, although the parties may submit supporting affidavits. Fed. R. Civ. P. 12(b)(3); <u>Holiday v. Bally's Park Place, Inc.</u>, No. 06-cv-4588, 2007 WL 2600877, at *1 (E.D. Pa. Sept. 10, 2007); <u>Fellner v. Philadelphia Toboggan</u>

1

Coasters, Inc., No. Civ. A.05-1052, 2005 WL 2660351, at *1 (E.D. Pa. Oct. 18, 2005); Wright &

Miller, Federal Practice and Procedure § 1352.  Thus, I may examine facts outside the complaint to

determine venue, but must draw all reasonable inferences and resolve all factual conflicts in the

plaintiff's favor.  Id.


## II.     BACKGROUND

In setting out the background of this case, I have included the facts as pled as well as those

set out in the Parties' supporting affidavits.  I have drawn all reasonable inferences and resolved all

conflicts in ProModel's favor.

### A.     Location of the Parties and Formation of the Employment Relationship

Mr. Story currently resides in Maine.  (Pl's. Aff. at ¶ 2.)  ProModel is a Pennsylvania

corporation that develops software systems used by pharmaceutical, healthcare, and manufacturing

concerns.  (Doc. No. 1 at ¶ 5.)  ProModel's headquarters are located in this District in Allentown.

(Doc. No. 1 at ¶ 1.)  On May 21, 2001, ProModel hired Mr. Story to work as a sales representative.

(Id. at ¶ 8.)  At the time he was hired, Mr. Story resided in Georgia.  (Pl's. Aff. at ¶ 3; Doc. No. 1.

at Ex. B.)   On June 10, 2001, ProModel required Mr. Story to sign an Employee Non-Disclosure,

Assignment of Developments, and Non-Solicitation Agreement (the "Employment Agreement").

(Doc. No. 1 at ¶¶ 9-10; Pl's. Aff. at ¶ 9.)  Mr. Story signed the Employment Agreement in his home

in Georgia.  (Pl's. Supplemental Aff. at ¶ 3.)

Mr. Story worked primarily out of ProModel's offices in Bethlehem and Allentown (both in

this District), and served customers in Pennsylvania.  (Doc. No. 1 at ¶ 14; Doc. No. 8.)  Mr. Story

also received extensive training and attended many sales meetings in ProModel's Bethlehem and

Allentown offices.  (Doc. No. 1 at ¶ 20.)  While in those offices, Mr. Story came into possession of ProModel's proprietary information and trade secrets.  (Doc. No. 1 at Ex. B.)

**B.**     **Mr. Story Resigns from ProModel and Seeks Declaratory Relief in the Maine State Courts**

On April 24, 2007, Mr. Story resigned from ProModel.  (Doc. No. 1 at ¶ 22.)  Since then, Mr. Story has not returned to Pennsylvania.  (Pl's. Aff. at ¶ 5.)  ProModel alleges that after Mr. Story left the Company he has -- under the guise of doing "independent healthcare consulting" -- misappropriated ProModel's proprietary information and improperly tried to woo the Company's customers.  (Doc. No. 1.)  On July 19, 2007, Mr. Story filed a declaratory judgment action in the Maine state courts, seeking, inter alia, a determination of his rights and obligations under the Employment Agreement, and a determination as to whether he had violated Pennsylvania's Uniform Trade Secrets Act.  Story v. ProModel Corporation, No. ALFSC-CV-2007-33 (Me. Super. Ct. July 19, 2007).  ProModel has since removed that case to the Maine federal court, where it is presently pending.  Story v. ProModel Corporation, No 2:07-cv-00186 (D. Me. removed Oct. 22, 2007).

**C.**     **ProModel Files this Competing Action**

Evidently loath to litigate in Maine, on September 7, 2007, ProModel commenced the instant action, which is strikingly similar to the lawsuit pending in Maine.  ProModel alleges that after April 24, 2007, Mr. Story breached the Employment Agreement, violated the Pennsylvania Uniform Trade Secrets Act, interfered with the Company's contractual relationships, defamed ProModel, and committed related torts.  (Doc. No. 1.)  Significantly, ProModel nowhere alleges that Mr. Story committed any wrongful acts while in this District.

III.     DISCUSSION

      Mr. Story contends that because venue is improper, the instant action should be dismissed or transferred to the District of Maine.  28 U.S.C. §§ 1391(a)(1)-(2) & 1406(a).  I agree that venue is not proper here, and I will grant the Motion to Transfer.

      **A.     Improper Venue**

      ProModel bases its venue claim on subsection 2 of 28 U.S.C. § 1391(a), which provides:

> A civil action wherein jurisdiction is founded only on diversity of
> citizenship may, except as otherwise provided by law, be brought only
> in . . . (2) a judicial district in which a substantial part of the events or
> omissions giving rise to the claim occurred, or a substantial part of the
> property that is the subject of the action is situated . . . .

Under this provision, the test "is not the defendant's contacts with a particular district, but rather the location of those events or omissions giving rise to the claim . . . .  Although the statute no longer requires a court to select the best forum, the weighing of substantial may at times seem to take on that flavor."  Cottman Transmission Sys. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994) (citations omitted); see also, Pulse Technologies, Inc., No. 06-4549, 2006 WL 3589028, at *5 (E.D. Pa. Dec. 7, 2006).  As the Third Circuit has explained, the language of § 1391(a)(2)

> favors the defendant in a venue dispute by requiring that the events or
> omissions supporting a claim be 'substantial.'  Events or omissions that
> might only have some tangential connection with the dispute in
> litigation are not enough.  Substantiality is intended to preserve the
> element of fairness so that a defendant is not haled into a remote district
> having no real relationship to the dispute.

Cottman Transmission Sys., Inc., 36 F.3d at 294.

      ProModel bases all its claims on Mr. Story's post-employment conduct, alleging that he is "selling products and services similar to those he sold for ProModel."  (Doc. No. 8 at 2.)  Yet,

ProModel's Complaint includes no allegations of wrongful conduct occurring in the Eastern District.  For instance, ProModel has not identified any Pennsylvania customers that Mr. Story has improperly solicited.  (Doc. No. 1 at Ex. C; Doc. No. 14 at 3.)  Mr. Story avers that he was working in his home in Maine (and not in this District) when all the allegedly wrongful conduct took place.  (Pl's Aff. at ¶¶ 2, 3 & 5; Pl's. Supplemental Aff. at ¶ 2.)  Indeed, Mr. Story avers that he has not returned to Pennsylvania since leaving ProModel's employment.  (Pl's. Aff. at ¶ 5.)  ProModel has submitted nothing to contradict this.  The emails ProModel has attached to its Complaint -- which describe Mr. Story's allegedly wrongful behavior -- do not conflict with Mr. Story's affidavits.  Thus, ProModel has submitted nothing to show that *any* part (much less a substantial part) of Mr. Story's wrongful conduct occurred in this District.

At oral argument, ProModel argued that venue lies in this District only because ProModel suffered economic injury here.  (Oral Argument Tr., 4:1-4, Oct. 23, 2007.)  Economic harm without other substantial activity within the district, however, is insufficient to establish venue under § 1391(a)(2).  See Loeb v. Bank of America, 254 F. Supp. 2d 581, 587 (E.D. Pa. 2003) (rejecting a plaintiff's reliance on economic harm as establishing venue); DaimlerChrysler Corp. v. Askinazi, No. CIV.A. 99-5581, 2000 WL 822449, at *6 (E.D. Pa. June 26, 2000) (citations omitted) ("venue is not proper in a district if injury is the only event occurring in that district"); see also Dobrick-Pierce v. Open Options, Inc., No. 2:05CV1451, 2006 WL 2089960, at *6 (W.D. Pa. July 25, 2006) (venue does not lie as to claims for defamation or tortious interference if injury is the only event occurring in the district).

Finally, ProModel asks me to follow rulings that claims similar to those brought by ProModel could be heard in this District.  G & K Servs., Inc. v. Ambler, No. 07-0601, 2007 WL

712290 (E.D. Pa. Mar. 6, 2007); Harry Miller Co. v. Carr Chem Inc., 5 F. Supp. 2d 295 (E.D. Pa. 1998). There is also a recent ruling, however, that this Court did not have venue to hear similar claims. TJF Associates, LLC v. Kenneth Rotman & Allianex, LLC, No. Civ.A. 05-705, 2005 WL 1458753 (E.D. Pa. July 17, 2005). Each venue determination is largely driven by the facts of the particular case. In the instant case, the facts I have already discussed confirm that venue simply does not lie in this District. Moreover, I find it disturbing that ProModel began this action less than three months after Mr. Story filed his declaratory judgment action in the Maine state courts. The gravamen of each action is the same: whether, since leaving ProModel, Mr. Story has violated the Employment Agreement and committed related wrongs. Less than a month ago, ProModel removed Mr. Story's action to federal court. Story v. ProModel Corp., No. 2:07-cv-00186 (D. Me. removed Oct. 22, 2007). That ProModel continues to press the instant action after the removal suggests strongly that ProModel is forum shopping -- something that I will not encourage by finding venue here where none exists.

### B.    Transfer of the Instant Action

Mr. Story asks me to transfer this case to Maine, pursuant to 28 U.S.C. § 1406(a), which provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

I agree that all the statute's criteria are met. Mr. Story is subject to jurisdiction in Maine because he resides there. Remick v. Manfredy, 238 F.3d 448, 255 (3d Cir. 2001) (general jurisdiction exists if defendant has "continuous and systematic" contacts with the forum). Venue is proper

there because a substantial part of the events or omissions giving rise to ProModel's claims occurred in Maine, and because Mr. Story resides there. 28 U.S.C. § 1391(a)(1)-(2). The pendency of Mr. Story's action in the District of Maine and ProModel's forum shopping efforts weigh strongly in favor of transfer. Accordingly, in the interest of justice, I will transfer the instant action to the District of Maine. 28 U.S.C. § 1406(a); <u>Lomanno v. Black</u>, 285 F. Supp. 2d 637, 640 (E.D. Pa. 2003).

## IV.    CONCLUSION

Mr. Story has demonstrated that venue is improper in this District. Accordingly, in the interest of justice, I will transfer this case to the District of Maine where jurisdiction exists and venue is proper. 28 U.S.C. § 1406(a).

An appropriate Order follows.

/s/ Paul S. Diamond

_____

Paul S. Diamond, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PROMODEL CORP.** | : | |
| | : | |
| | : | **Civ. Action No. 07-3735** |
| **v.** | : | |
| | : | |
| **PIERCE STORY** | : | |
| | : | |

## ORDER

AND NOW, this 19th of November, 2007, upon consideration of the Parties' filings and the oral argument held on October 23, 2007, Defendant's Motion (Doc. No. 6) is GRANTED as to venue. I find that venue in the Eastern District of Pennsylvania is improper. Accordingly, it is hereby ORDERED that, pursuant to 28 U.S.C. § 1406(a), the instant action is transferred to the District of Maine in the interest of justice.

The Clerk's Office shall close this case for statistical purposes.

AND IT IS SO ORDERED

/s/ Paul S. Diamond

_____

**Paul S. Diamond, J.**

8